Filed 10/8/24  P. v. Patterson CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B326755 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. BA434945 |
| v. | |
| RONALD PATTERSON, | |
| Defendant and Appellant. | |

APPEAL from an order and judgment of the Superior Court of Los Angeles County, Deborah S. Brazil, Judge.  Affirmed.

Roberta Simon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

—————————

Several years into Ronald Patterson's 20-year prison term, the California Department of Corrections and Rehabilitation asked the trial court to resentence him. The court struck one five-year enhancement, reducing Patterson's sentence to 15 years. We affirm. Statutory citations are to the Penal Code.

I

A November 2015 information charged Patterson with one count of robbery and one count of assault with a deadly weapon for a single incident from March 2015. The information alleged Patterson had been convicted of prior serious or violent felonies, including three robberies from 2006 and a carjacking from 1995. The information later listed other convictions and asserted Patterson had served several prior prison terms.

In February 2016, Patterson reached a plea agreement with the prosecution and agreed to a 20-year sentence. He pleaded guilty to the robbery count, admitted one prior strike under the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12), and further admitted two prior serious felony convictions under section 667, subdivision (a). In line with the plea agreement, the court sentenced Patterson to 20 years in prison—the upper term of five years for the robbery count, doubled due to the strike, plus two five-year enhancements for the prior serious felony convictions Patterson admitted.

In September 2021, the Secretary of the Department wrote the trial court requesting resentencing under section 1170, subdivision (d)(1), which now is section 1172.1. (See *People v. Anderson* (2023) 88 Cal.App.5th 233, 237, fn. 3, review granted April 19, 2023, S278786.) The letter said Patterson had been sentenced before recent sentencing changes gave courts discretion to strike prior serious felony convictions and the

punishment for these enhancements. Supporting documents stressed Patterson's positive performance in prison.

The Cumulative Case Summary and Evaluation Report attached to the Department's resentencing request (the "Department report") provided a comprehensive look at Patterson, including the details of his current offense, his criminal and parole history, and his performance in prison. The report identified no mental health concerns.

The trial court invited briefing from the parties about resentencing.

The defense submissions argued for striking both five-year priors and for imposing the low or middle term on the robbery count. Patterson highlighted his "laudatory" behavior in prison and contended he was entitled to the changes to section 1170 enacted by Senate Bill No. 567 (2021–2022 Reg. Sess.) and Assembly Bill No. 124 (2021–2022 Reg. Sess.) after his original sentencing. Patterson also claimed he was entitled to the low term on the robbery count because he had been molested as a child and this trauma contributed to his offense.

Patterson's submission included the Department report and a two-page report from an unlicensed psychologist, which discussed Patterson's history of mental health and substance abuse problems. Patterson told this psychologist he had been sexually abused by an uncle from ages seven to 12. In an effort to link this trauma to his crimes, the report states: "The patient's experiences of developmental trauma and potential genetic predisposition to substance use and mental illness likely contributed to early-onset, severe substance abuse (possibly as a means of numbing/coping with low sense of self secondary to

3

sexual abuse), which likely contributed to psychosis in his early 20s."

The defense also provided a short letter from Patterson's sister that addresses his "childhood molestation" and claims the abuser "pushed [Patterson] into a deep depression that he never recovered from."

The prosecution argued the court should maintain Patterson's 20-year sentence, including the high term on the robbery count. Patterson had agreed to this sentence when he faced significantly more prison time. He admitted multiple prior violent felony convictions as part of his plea bargain, and he had served time in prison. The prosecution argued the many aggravating circumstances established by Patterson's plea outweighed any mitigating circumstances. The prosecution also criticized, from many angles, the mental health evidence supplied by the defense and maintained nothing established any childhood trauma contributed to the robbery Patterson committed nearly four decades later.

At the November 2022 hearing, the trial court announced it intended to strike one of the five-year priors. The court said it was "employing all current sentencing requirements that are required at this point in time" including amended section 1170, subdivision (b)(2), "which directs the court to impose the midterm, unless there are circumstances in aggravation that justify imposition of the high term." It found three aggravating factors beyond a reasonable doubt and determined these factors justified the upper term. These factors were Patterson's "prior criminal history," his two prior prison sentences, and his increasingly serious conduct, given he committed his most recent crimes while on parole and despite serving prison time. The

4

court highlighted facts about a few of Patterson's prior convictions: the 2006 robbery, the 1995 carjacking, and a 1994 carjacking. The court concluded Patterson was a "habitual offender."

As for Patterson's claim to the low term, the court implied the evidence before it was tenuous but stated it would accept "the childhood sexual abuse to be true." The court determined there was an insufficient nexus between this abuse and Patterson's current offense, and the same three aggravating factors outweighed the mitigating factors such that it was not in the interests of justice to impose the low term.

The court struck one five-year enhancement. It imposed a new sentence of 15 years, consisting of the high term of five years doubled for the strike, plus only one five-year enhancement. Patterson appealed the same day.

## II

Patterson maintains the trial court abused its discretion in imposing the high term and in refusing the low term. We find no abuse. To the extent Patterson's arguments require us to construe amended section 1170, subdivision (b)(6), we independently review the matter.

We address these issues on the merits despite the prosecution's claims of forfeiture. Defense counsel made no objection at the hearing about any prison term, perhaps because the trial court started the hearing by announcing its intent to rule favorably to Patterson by striking an enhancement.

## A

Last month, in *People v. Lynch* (2024) 16 Cal.5th 730, 742, 757 & 777(*Lynch*), our Supreme Court addressed the requirements for imposing the upper term under amended

5

section 1170, subdivision (b), which makes the middle term the presumptive term. Although the defendant had been sentenced before the recent amendments (*id.* at p. 742), key pronouncements in *Lynch* extend beyond this context.

The court made clear that, absent a defense stipulation and excluding prior convictions, a jury must find beyond a reasonable doubt each aggravating fact used to justify an upper term. (*Lynch, supra,* 16 Cal.5th at pp. 757, 759–760, 765 & 767 ; see also § 1170, subd. (b)(1)–(3).) If a trial court relies on improperly proven aggravating facts to impose an upper term, a reviewing court applies *Chapman v. California* (1967) 386 U.S. 18 (*Chapman*) to determine whether the error was prejudicial. (*Lynch, supra,* 16 Cal.5th at pp. 761 & 768.) No remand for resentencing is required if "we can conclude that the omission of a jury trial was harmless beyond a reasonable doubt as to *every* aggravating fact the trial court used to justify an upper term sentence" or if we can conclude beyond a reasonable doubt these facts were uncontested and supported by overwhelming evidence. (*Id.* at p. 775.)

Assuming for purposes of analysis the trial court erred in finding some or all of the aggravating factors here, we apply the *Chapman* standard to conclude any error was harmless.

The Department report establishes each aggravating factor found by the trial court. Again, these three factors were Patterson's criminal history, his two prior prison sentences, and the increasing seriousness of his conduct, given he committed his latest serious felony while he was on parole.

The Department report Patterson supplied in support of his request for resentencing establishes he has an extensive criminal history: "Patterson's adult criminal history reflects convictions

6

for Carjacking, Grand Theft: Auto, Driving while License Suspended, Under the Influence of Controlled Substance, Loitering in Public, Possess Narcotic Controlled Substance, Transport/Sell Narcotic Controlled Substance, and Robbery." The report also shows Patterson served two prior prison terms and was on parole and had not been discharged when he went to prison for the current case.

Patterson does not dispute any of these facts. His opening brief relies on the probation report, which is consistent with the Department report regarding his criminal history and parole status. The psychologist who examined Patterson confirmed this was Patterson's third prison term, and his first two terms were for "Carjacking (1995-1996) and Robbery, 2nd Striker (2006-2014)."

Beyond a reasonable doubt, a jury would have found true the three aggravating factors here. Thus, any error by the trial court in making these findings was harmless. (See *Lynch*, *supra*, 16 Cal.5th at pp. 761 & 768.)

Pointing to subdivision (b)(5) of section 1170, Patterson argues it was impermissible to use his prior convictions both to enhance his sentence and to impose the upper term. Assuming Patterson did not forfeit this issue by failing to raise it at the trial court, Patterson's convictions remain numerous even if we ignore the conviction giving rise to the serious felony enhancement the court did not strike.

Patterson faults the trial court for not stating mitigating factors when selecting the upper term. Again, he never raised this issue with the trial court. (See *People v. Tilley* (2023) 92 Cal.App.5th 772, 778 ["Generally, if a party does not object to the sentence in the trial court, they may not claim on appeal the trial

7

court failed to properly make or articulate its discretionary sentencing choices"].)  Even if we ignore this failure, Patterson's appellate briefs identify no authority requiring this explication when considering the upper term.  And before imposing the upper term, the court did discuss Patterson's childhood trauma.  The court clearly was aware of the amended statute.

Choosing the upper term was not an abuse of discretion. (See *Lynch*, *supra*, 16 Cal.5th at pp. 767 & 776–777 ["The current statute also preserves the trial court's discretion to determine whether an upper term sentence is in fact justified"].)

B

The trial court also did not abuse its discretion in refusing the low term.  (See *People v. Salazar* (2023) 15 Cal.5th 416, 428, fn. 8 [applicable standard is abuse of discretion].)

Assuming a defendant establishes a nexus between the defendant's childhood trauma and the offense at issue, a trial court properly may reject the low term if it concludes aggravating factors outweigh the mitigating factors such that imposing the low term would run contrary to the interests of justice.  (§ 1170, subd. (b)(6).)  The court has discretion in making this equitable balancing determination.  (*People v. Hilburn* (2023) 93 Cal.App.5th 189, 204–205.)  Contrary to Patterson's arguments, no jury findings are required.  (*Ibid.*)

The trial court accepted Patterson had suffered sexual abuse as a child.  This was a mitigating factor.  The court appeared to recognize the evidence of this factor was tenuous. Then it articulated the same three aggravating factors noted above and found that these factors were true beyond a reasonable doubt and outweighed the mitigating factors.  The court earlier had discussed the aggravating factors at length, highlighting

concerning aspects of Patterson's criminal record. The court also discussed Patterson's positive prison conduct at this hearing.

Rejecting the low term on this record was sound. The court provided sufficient explanation of its decision. (See § 1170, subds. (b)(5) & (c); Cal. Rules of Court, rules 4.406(a) & 4.420(i).)

Pointing to another potential mitigating factor on appeal (mental health issues)—which Patterson did not raise at the hearing—does not show the court's ruling was an abuse of discretion. In any event, the court made clear it had considered the psychologist's report, which focused on Patterson's mental health issues.

Patterson offers no support for claiming the middle term must be the aggravated term if childhood trauma is established. Patterson emphasizes the relevant statute, which retains judicial discretion to choose the term most in line with "the interests of justice," provided the requirements of the statute are met. (See § 1170, subd. (b)(6).)

Patterson's argument that section 1172.1 supports remanding this matter because it erects a "presumption for a lower sentence" is puzzling, as the trial court *did* reduce his sentence by five years.

## DISPOSITION

We affirm the resentencing order and the judgment.


WILEY, J.

We concur:


GRIMES, Acting P. J.          VIRAMONTES, J.

9